

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID McCABE,                    §
                                 §
         Plaintiff,              §
                                 §
VS.                              §  NO. 4:18-CV-118-A
                                 §
BILL WAYBOURN, ET AL.,           §
                                 §
         Defendants.             §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the amended complaint filed in the above-captioned action by plaintiff, David McCabe. Defendants are Bill Waybourn ("Waybourn"), Cabaio, M. Gardener ("Gardener"), and Forensic MH Services.[1] Having reviewed the amended complaint, the court has determined that it should be dismissed in its entirety pursuant to 28 U.S.C. § 1915A.

I.

Plaintiff's Claims

In summary form, plaintiff has pleaded that:

Plaintiff is presently a pretrial detainee in custody at the Tarrant County Jail. Just prior to his arrival to the Tarrant County Jail, he received inpatient psychiatric care at Texas Health Huguley's Behavioral Health Department. Upon being

---

[1] The court is not familiar with an entity named "Forensic MH Services." It is likely that it is not the intended defendant. Because the court concludes that plaintiff has failed to state a claim against that defendant, a determination of whether it is the intended defendant is unnecessary.

booked, plaintiff told Tarrant County Jail officials "that he had a verifiable need for prescription medications and follow-up care consequential to that in-patient [sic] stay." Doc.[2] 8 at 6. Plaintiff was assured his medical needs would be attended to. Several months passed before plaintiff was prescribed any medication. Plaintiff was prescribed for a short period of time, during March and April 2017, medication for depression, but not for any other condition. Thereafter, in April 2017, plaintiff met with Gardener, a counselor employed by Forensic MH Services and hired by Tarrant County to provide medical services to inmates, who represented to plaintiff that plaintiff's "prior medical records did not exist, that he had no other need for medication, his current treatment was to be stopped, and that she was in charge here." Id. "Plaintiff's care in all forms was stopped." Id. Plaintiff has filed a grievance stating that he was suffering from severe depression, anxiety, and manic episodes.

On September 30, 2017, defendant Cabaio, a correctional officer at Tarrant County Jail, left the facility keys in a door in plaintiff's housing area. Several inmates were conspiring to escape with the keys. Plaintiff and another inmate reported the

---

[2]The "Doc.___" references are to the number of the referenced item on the docket in this action, No. 4:18-CV-118-A.

situation. Approximately thirty or forty-five minutes later, Cabaio and another officer responded to the emergency call. Plaintiff alleges that Cabaio made a verbal threat to the inmates. After this incident, plaintiff requested psychiatric care.

Plaintiff again sought treatment from Gardener in October 2017. He told Gardener he was suffering from manic depression and anxiety, the symptoms of which were aggravated by the above events and harassment related to those events. Plaintiff requested counseling and medication. Gardener refused to treat plaintiff. Gardener did not believe plaintiff's representations, and stated that she would not prescribe plaintiff any medication because plaintiff had refused treatment. As a result, plaintiff has suffered from suicidal depression, manic episodes, and severe anxiety. Also, he has contemplated suicide. Id. at 11.

Plaintiff asserts claims against defendants for deliberate indifference to his medical needs, retaliation, conspiracy, due process, abuse of process, and negligence under laws of Texas. These claims are brought pursuant to 42 U.S.C. §§ 1983 and 1985.

II.

Screening Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under

28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) requires sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Thomas v. United States, No. 4:17-CV-240-A, 2017 WL 1133423 at *2-3 (N.D. Tex. Mar. 24, 2017). A complaint fails to state a claim upon which relief may be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Thomas, 2017 W: 1133423 at *3.

In evaluating whether the complaint states a claim upon which relief may be granted, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Having now considered the allegations in the complaint, the court concludes that plaintiff's amended complaint should be dismissed in its entirety pursuant to 28 U.S.C. § 1915A.

III.

Analysis

A.  Official Capacity Claims

Plaintiff's amended complaint indicates Waybourn is sued in his official and individual capacities. To the extent that any claim is brought against Waybourn in his official capacity as sheriff, such claim is tantamount to a claim against Tarrant County, Texas ("County").

A governmental entity, such as County, can be subjected to liability only if one of its official policies caused a person to be deprived of a federally protected right. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). County cannot be held liable under a theory of respondeat superior or vicarious liability. Id. Instead, liability may be imposed against a local government entity under § 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563 U.S. 51, 60 (2011) (quoting Monell, 436 U.S. at 692) (internal quotation marks omitted). To hold County liable under § 1983 thus requires plaintiff to "initially allege that an

5

official policy or custom was a cause in fact of the deprivation of rights inflicted." Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citation omitted). Liability against local government defendants pursuant to § 1983 hence requires proof of a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." Spiller, 130 F.3d at 167.

Although plaintiff makes sporadic references to unwritten policies of County that resulted in alleged harm to him, he has not substantiated his conclusory allegations with facts. Plaintiff's bald assertions that County had unwritten policies that resulted in deprivation of his constitutional rights are not sufficient to state a claim against County. Id. Thus, the court finds dismissal of all claims against County proper.

Plaintiff's amended complaint also indicates that he brings claims against Forensic MH Services and Gardener in their official capacities. Forensic MH Services is, according to plaintiff, a private entity that employs Gardener. It is not

6

clear what governmental entity plaintiff seeks to impute liability to by bringing claims against these defendants in their official capacities. If it was plaintiff's intent to bring claims against these two defendants in their official capacities as officials of County,[3] to the extent that such claims are even cognizable claims, such claims would fail for at least the reasons described above, and perhaps additional reasons as well.

B.  Individual Capacity Claims

To maintain an action pursuant to 42 U.S.C. § 1983 plaintiff "must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the Untied States, and (2) that the deprivation was caused by a person or persons acting under color of state law." Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999) (internal quotation marks omitted). Accordingly, to the extent that plaintiff has asserted state law tort claims against defendants, such claims should be dismissed as frivolous, because § 1983 only provides a remedy for deprivation of rights secured by the Constitution and the laws of the United States.[4] Bass v. Parkwood Hosp., 180 F.3d

---

[3]Plaintiff contends that these defendants were hired by County to provide medical services to inmates at Tarrant County Jail.

[4]Specifically, plaintiff identifies as his state law tort claims "abuse of process" against Waybourn and Forensic MH Services, "negligence under law of Texas" against Cabaio and Gardener, and intentional infliction of emotional distress against Cabaio.

7

234, 241 (5th Cir. 1999); Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993).

To the extent that plaintiff asserts claims against each defendant for conspiracy and violation of due process, plaintiff has not alleged any facts to support such claims. For instance, plaintiff alleged that Waybourn and Forensic MH Services were part of a conspiracy to restrict or deny medical care to inmates when such care is expensive, and that Gardener and Cabaio "knowingly understood the general objectives of these policies, [and] knowingly agreed . . . to do their part to further them when they acted pursuant to said policies."[5] Doc. 8 at 51. Plaintiff alleged no facts that would cause the court to reasonably conclude that such claims are plausible. Nor has plaintiff substantiated with facts that would make plausible his claims that defendants harassed plaintiff or refused him medical treatment as a means of retaliating against him for petitioning the government for redress of grievances. The court, therefore, concludes that those claims should be dismissed for failure to state a claim. Twombly, 550 U.S. at 555.

---

[5] It is not clear whether plaintiff asserts his conspiracy claims pursuant to 42 U.S.C. § 1983 or § 1985. The amended complaint makes passing reference to § 1985, but the section of the complaint alleging conspiracy does not point to that section or to § 1983. Because plaintiff has failed to allege facts to support a conspiracy claim brought pursuant to either of those sections, the court finds it unnecessary to determine under which section plaintiff intended to assert his conspiracy claims.

Moreover, the claims against Waybourn and Forensic MH Services fail for the additional reason that the allegations of plaintiff's amended complaint do not allow the court to infer that Waybourn or Forensic MH Services were personally involved in any alleged deprivation of plaintiff's constitutional rights. Instead, plaintiff sued Waybourn on the basis of Waybourn's supervisory role over the Tarrant County Jail, and Forensic MH Services due to its role as Gardener's supervisor. Although liability under § 1983 may extend to a supervisor who "implemented unconstitutional policies that causally resulted in plaintiff's injury," Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), plaintiff has not pleaded any facts showing that either Waybourn or Forensic MH Services established such a policy in this case, nor has he alleged facts to show that Waybourn or Forensic MH Services was otherwise involved in any of the alleged wrongs against him.

Plaintiff has similarly failed to allege facts to show that Cabaio violated any constitutional right of plaintiff's. Although plaintiff may have been upset by Cabaio's crude statement, "[m]ere allegations of verbal abuse do not present actionable claims under § 1983." Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (threatening language and gestures of a custodial

9

officer are not constitutional violations). And, although plaintiff states that Cabaio retaliated against him for filing grievances, he has not alleged facts to support such a claim.

The claims against Gardener fair no better. Plaintiff asserted that Gardener was deliberately indifferent to his serious medical needs and that she was motivated to do so for two reasons: (1) because of an unwritten policy of restricting or denying expensive health care, and (2) to retaliate against plaintiff for "having petition[ed] the government for redress of grievances." Doc. 18 at 8.

Inadequate medical treatment can constitute cruel and unusual punishment if the actions of the defendant exhibit deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference is an extremely high standard to meet." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A prison official acts with deliberate indifference only if he knows that an inmate faces a substantial risk of serious bodily harm and disregards that risk by failing to take measures to abate it. Farmer v. Brennan, 511 U.S. 825, 827 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. Mere

10

negligence, neglect, or medical malpractice does not constitute deliberate indifference. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam). "Nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). The "failure to alleviate a significant risk that [the official] should have perceived, but did not" likewise is insufficient to show deliberate indifference. Domino, 239 F.3d at 756 (citing Farmer, 511 U.S. at 838). Rather, an inmate "must show that defendant refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other conduct that would clearly evince a wanton disregard for any serious medical needs." Id.

Plaintiff's complaints against Gardener amount to a disagreement about the amount or type of psychiatric treatment plaintiff requires. Notably absent from plaintiff's amended complaint is any allegation that Gardener was aware of plaintiff's suicidal thoughts, or that she was aware plaintiff was at risk of serious bodily harm. And, while plaintiff places emphasis on the fact that Gardener failed to verify plaintiff's medical needs and records, he does not allege that verification of either would have caused Gardener to discover that plaintiff's

alleged medical conditions posed a substantial risk of bodily harm to himself.

Thus, based on the facts provided in plaintiff's amended complaint, the court finds that plaintiff has failed to state a claim that Gardener was deliberately indifferent to his serious medical needs. And, as discussed above, the claims plaintiff has asserted against Gardener for retaliation, conspiracy, due process, abuse of process, and negligence under the laws of Texas should be dismissed as frivolous or for failure to state a claim.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against defendants, Waybourn, Cabaio, Gardener, and Forensic MH Services, in the above-captioned action be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED June 18, 2018.

_____
JOHN McBRIDE
United States District Judge